1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE JENKINS, | CASE NO.  CV 11-1722-DMS (WMc) |
| Petitioner, | **REPORT AND** |
| vs. | **RECOMMENDATION OF** |
| | **MAGISTRATE JUDGE RE:** |
| WARDEN CIM-MSF, | **PETITION FOR WRIT OF** |
| | **HABEAS CORPUS** |
| Respondent. | |

## I.  INTRODUCTION

Shawn Albin, aka Christopher Lee Jenkins ("Petitioner"), a California inmate appearing *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner challenges the validity of his guilty plea and sentencing.  Respondent contends Petitioner's first four claims are barred from federal habeas relief because Petitioner failed to properly exhaust these claims and also failed to comply with state procedural rules. Regarding all seven[1] of Petitioner's claims, Respondent argues Petitioner's constitutional rights were not violated, the state courts properly ruled on Petitioner's state petitions, and any error during the state proceedings was harmless.

The Court submits this Report and Recommendation to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule H.C.2 of the United States District Court for the Southern District of California.

After reviewing the Petition, Respondent's Answer and Memorandum of Points and

---

[1] As explained below at page nine, the Court construes Petitioner's seven claims as ten distinct claims for relief.

1 Authorities in support thereof, the Lodgments filed by Respondent, the Petitioner's Traverse and

2 all the supporting documents submitted by the parties, the Court **RECOMMENDS** the Petition be

3 **DENIED** for the reasons discussed below.

## II.  STATEMENT OF FACTS/PROCEDURAL HISTORY

5        Petitioner was charged with commercial burglary. (Lodgment 1 at p.1-5.) Petitioner

6 pleaded guilty to commercial burglary. (Lodgment 1 at p. 6.) Petitioner also admitted to a prior

7 robbery conviction from Oregon, for which he served time in prison. (Lodgment 1 at p. 6.)  Before

8 the Change of Plea and Immediate Sentencing hearing ("Hearing"), Petitioner, with the assistance

9 of counsel, read, initialed and signed a Plea of Guilty form. The form listed the charges,

10 Petitioner's constitutional rights, the consequences of a guilty plea, and other waivers. (Lodgment

11 1.) The form included check-boxes which Petitioner was instructed to initial after reading the

12 corresponding information. By initialing twenty check-boxes on the form, Petitioner indicated his

13 intent to waive his constitutional rights in order to plead guilty and indicated his understanding and

14 acceptance of the consequences of his guilty plea. (Lodgment 1.)  Additionally, Petitioner initialed

15 to confirm he entered his plea "freely and voluntarily," he was "sober and [his] judgment is not

16 impaired," and he had not "consumed any drug, alcohol or narcotics within the past 24 hours."

17 (Lodgment 1 at p. 6.)  Petitioner initialed check-boxes indicating his intent to waive his

18 constitutional rights in order to plead guilty, including his right to a speedy and public trial by jury,

19 his right to confront and cross-examine all witnesses, his right to remain silent, and his right to

20 present evidence on his behalf.  (Lodgment 1 at p. 6.) Petitioner initialed check-boxes under the

21 "Consequences of Plea of Guilty or No Contest" section and initialed to confirm he "gives up [his]

22 right to a full probation report before sentencing" under the "Other Waiver" section. Also,

23 Petitioner handwrote that he enters a guilty plea for "1 count PC 459," a "strike prior," and a

24 "prison prior." (Lodgment 1.)

25        At the Hearing, Petitioner verbally waived his constitutional rights and plead guilty to

26 commercial burglary, admitted to a prior robbery offense, and admitted to serving a prior prison

27 term.  The following are relevant portions of the hearing transcript:

28        THE COURT: Mr. Alvin [Petitioner], please raise your right hand to be sworn in.
         (The [Petitioner] was sworn.)
         THE COURT: It looks like I'm giving him the mid-term, the strike prior, plus one

- 2 -

1    year prison.
     MR. PALMER: Yes.
2    THE COURT: For a total of five. Is your true name Shawn Ray Maurice Albin?
     THE DEFENDANT: Shawn Ray Maurice Albin.
3    THE COURT: And Christopher Lee Jenkins?
     THE DEFENDANT: Apparently so, yes.
4    THE COURT: Have you taken any medication in the last 24 hours that could affect
     your understanding of the change of plea proceedings?
5    THE DEFENDANT: No.
     THE COURT: I have a change of plea form with your name on it. Did you read,
6    understand, initial, and sign this form?
     THE DEFENDANT: I did, with my attorney.
7    THE COURT: And you went over it with him, and do you have any questions about
     its contents?
8    THE DEFENDANT: I do not.
     THE COURT: Do you understand and give up your constitutional rights in order to
9    plead guilty?
     THE DEFENDANT: I do.
10   THE COURT: The plea agreement in this case calls for your pleading guilty to
     Count 1, felony commercial burglary, Penal Code Section 459. In addition to that,
11   you're going to be admitting a robbery strike prior from 1994, and you're also
     going to be admitting a prison prior from – the last  prison prior. The third prison
12   prior from 2000. The People have agreed to the mid-term of two years. That's
     doubled by
13   virtue of your strike prior to four years, and the Court must give an additional one
     year consecutive for the prison prior for a total term of five years, and I'll run that
14   concurrent with any parole or probation violations you have out there. Is that your
     understanding?
15   THE DEFENDANT: That's my understanding.
     THE COURT: Before you enter your plea, do you have any questions to ask of the
16   Court?
     THE DEFENDANT: No.
17   THE COURT: Did you go over this form with your attorney?
     THE DEFENDANT: I have.
18   THE COURT: Are you satisfied with his efforts on your behalf?
     THE DEFENDANT: Yes.
19   THE COURT: Are you entering this plea freely and voluntarily because you believe
     it's in your own personal best interest to do so?
20   THE DEFENDANT: Yes.
     THE COURT: As to Count 1, that on or about September 19th of this year, you
21   unlawfully entered a building with the intent to commit theft in violation of 459,
     how do you plead?
22   THE DEFENDANT: Guilty.
     THE COURT: Do you admit at the time of this offense, you were previously
23   convicted of the crime of robbery, Penal Code Section 211 - - excuse me, no Penal
     Code Section. The date of the conviction was December 19, 1994, case number
24   940835704, in the circuit court of Multnomah, Oregon, and you admit that that's a
     serious or violent California strike prior?
25   THE DEFENDANT: I admit.
     THE COURT: And do you also admit that you were convicted of petty theft with a
26   prior on March 2nd of the 21st of the year 2000 in case number SCD151604, and a
     result of that conviction in the San Diego Superior Court, you were sentenced to
27   state prison, and as a result of that prison commitment, that you have failed to
     remain free of prison custody or free of a new felony offense within five years after
28   your release from prison on the petty theft wit a prior conviction? Do you admit the
     third prison prior as alleged in the complaint?
     THE DEFENDANT: I admit.

- 3 -

11-1722 DMS (WMc)

THE COURT: As to the factual basis, do you admit that you entered Home Depot with the intent to commit theft and attempted to do so suffering a prison prior?

THE DEFENDANT: I admit.

THE COURT: I accept your plea and find that you are entering this plea freely, voluntarily, and intelligently, and there's a sufficient factual basis upon which to base the plea.

I further find as a matter of law that the petty theft with a prior is a prison prior within the meaning of Penal Code Section 667.5(b) and 68, and I also find that the crime of robbery is a strike prior within the meaning of Penal Code Section 667(b) through (I), 1170.12 and 668. Does he waive time for sentencing?

MR. PALMER [Petitioner's trial attorney]: He does.

THE COURT: Any reason why judgment cannot be pronounced?

MR. PALMER: No.

THE COURT: Waive probation report?

MR. PALMER: He does.

THE COURT: The Court will deny probation as to Count 2, sentence you to the mid-term of two years by virtue of your admission of the strike prior. That term is doubled by operation of law to a total term of four years, and based upon your admission of the prison prior, the court is adding an additional one year for a total term - - of five years with credits of 14 actual, six 4019 credits, $500 restitution fine to be paid forthwith. A second restitution fine of $500 is stayed unless your parole is revoked.

(Lodgment 2.)

The trial judge sentenced Petitioner to five years in prison. (Lodgment 2 at 6:10-20).

Petitioner filed a notice of appeal challenging the validity of his plea and requested a certificate of probable cause in the superior court. (Lodgment 1 at p. 23-24.) The superior court denied Petitioner's request. (Lodgment 1 at p. 40.)

On direct appeal, Petitioner, represented by counsel, filed a *Wende* brief with the Court of Appeal. (Lodgment 2.) In his brief, Petitioner's counsel did not affirmatively allege any arguable issue, but asked the court to review the record for error pursuant to *People v. Wende*, 25 Cal. 3d 436, 158 Cal. Rptr. 839, 600 P.2d 1071 (1979) and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). (Lodgment 2 at pp. 4-5.) With the appellate court's permission, Petitioner submitted a supplemental brief challenging the validity of his plea. (Lodgment 5.) Petitioner argued his guilty plea to commercial burglary and prior offense were invalid, his prior offense from Oregon was not a "strike", and the trial court did not verbally advise Petitioner of his constitutional rights. After reviewing the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 (1979), the appellate court found no reasonably arguable appellate issues and affirmed judgment. Petitioner did not filed a petition for review in the California Supreme Court. (Doc. 1 at pg 2.)

Petitioner filed writs of habeas corpus with the superior court, court of appeal, and the California Supreme Court, challenging the validity of his guilty plea and sentencing. Each petition

raised the following issues: (1) Petitioner did not admit to committing a prior burglary; (2) Petitioner's prior offense from Oregon does not apply under California's "Three Strikes" law; (3) Petitioner admitted to an attempted crime, not a completed crime; (4) the trial judge did not verbally advise Petitioner of his constitutional rights; (5) Petitioner intended to plead guilty to petty theft only, not burglary; and (6) Petitioner's right to petition to the California Supreme Court for review was violated because Petitioner did not receive the appellate court opinion or remittitur in a timely manner. (Lodgments 7, 9, and 11.) In his California Supreme Court petition, Petitioner also raised a seventh claim, alleging the superior court and court of appeal erroneously denied Petitioner's habeas petitions.

The superior court denied his petition because Petitioner: (1) failed to comply with the local rules of court; (2) failed to demonstrate an exception to the general rule that issues raised and litigated on direct appeal may not be revisited on habeas corpus; (3) failed to show that there was a reasonable likelihood that he would have prevailed on his petition for review; and (4) failed to show that he was prejudiced by the delay in receiving his remittitur. (Lodgment 8.) Further, the court concluded Petitioner was properly advised of his constitutional rights. (Lodgment 8.)

The Court of Appeal also denied habeas relief after adopting the Superior Court's reasoning. (Lodgment 10.) The court explained the Petitioner failed to provide documentation to support his contentions and "failed to show the alleged deficiencies prejudiced the trial or appellate results (*citing People v. Duvall* (1995) 9 Cal.4th 464, 474*; Strickland v. Washington* (1984) 466 U.S. 668, 687; *Smith v. Robbins* (2000) 528 U.S. 259, 285-86.)." (Lodgment 10.)

The California Supreme Court denied Petitioner habeas relief without providing any explanation or citation for the denial. (Lodgment 12.)

Petitioner then filed the instant petition in the United States District Court, asserting the following claims: (1) Petitioner did not admit to committing a prior burglary; (2) Petitioner's prior offense from Oregon is inapplicable for enhanced sentencing purposes under California's "Three Strikes" law; (3) Petitioner admitted to an attempted crime, not a completed crime; (4) neither the trial judge nor Petitioner's appointed counsel properly advised him of his constitutional rights; (5) Petitioner intended to plea guilty to petty theft, rather than burglary; (6) Petitioner's right to petition to the California Supreme Court for review was violated because Petitioner did not receive

1

2    the appellate court opinion or remittitur in a timely manner; and (7) the state courts erroneously

3    ruled on Petitioner's state petitions because Petitioner's claims were not procedurally barred.

4        Respondent filed an answer alleging (1) Petitioner did not properly exhaust his first four

5    claims on direct appeal to the California Supreme Court before raising them in a federal habeas

6    petition; (2) Petitioner's first four claims are procedurally barred because Petitioner failed to obtain

7    a certificate of probable cause; (3) the California courts properly denied Petitioner relief on the

8    merits; (4) any sentencing error was harmless; and (5) an evidentiary hearing is not permitted on

9    Petitioner's claims. Finally, Respondent argues the petition must be denied because there is no

10   proof that Petitioner's constitutional rights were violated. (ECF No. 7).

11       Petitioner filed a traverse to Respondent's answer, arguing his first four claims on his

12   federal petition are properly exhausted and are not procedurally barred. (ECF No. 25). Also,

13   Petitioner requested, for the first time in either state or federal court, an evidentiary hearing. *Id*. at

14   7-17.

15                                    **III.  STANDARD OF REVIEW**

16       Title 28, United States Code section 2254 and the Antiterrorism and Effective Death

17   Penalty Act of 1996 ("AEDPA"), sets forth the scope of review for Petitioner's claims. *See* 28

18   U.S.C. § 2254; *see also Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a federal

19   court may not grant habeas relief on a claim adjudicated on its merits in state court unless that

20   adjudication "resulted in a decision that was contrary to, or involved an unreasonable application

21   of, clearly established Federal law, as determined by the Supreme Court of the United States," or

22   "resulted in a decision that was based on an unreasonable determination of the facts in light of the

23   evidence presented in the State court proceeding."[2] 28 U.S.C. § 2254(d); *see Williams v. Taylor*,

24   529 U.S. 362, 402-03 (2000).

25       The phrase "clearly established Federal law" means "the governing legal principle or

26

27   _____

28       [2] In addition, under 28 U.S.C. § 2254(e)(1), factual determinations by a state court "shall be
     presumed to be correct" unless the petitioner rebuts the presumption "by clear and convincing
     evidence."

1    principles set forth by the Supreme Court at the time the state court renders its decision."[3] *Lockyer*

2    *v. Andrade*, 538 U.S. 63, 71-2 (2003). However, a state court need not cite the controlling Supreme

3    Court cases in its own decision "so long as neither the reasoning nor the result of the state-court

4    decision contradicts" relevant Supreme Court precedent which may pertain to a particular claim

5    for relief. *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

6            A state court decision is "contrary to" clearly established federal law if the decision applies

7    a rule that contradicts the governing Supreme Court law or reaches a result that differs from a

8    result the Supreme Court reached on "materially indistinguishable" facts. *Williams*, 529 U.S. at

9    405-06. A decision involves an "unreasonable application" of federal law if "the state court

10   identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably

11   applies that principle to the facts of the prisoner's case." *Id.* at 413. A federal habeas court may not

12   overrule a state court decision based on the federal court's independent determination that the state

13   court's application of governing law was incorrect, erroneous, or even "clear error." *Lockyer*, 538

14   U.S. at 75. Rather, a decision may be rejected only if the state court's application of Supreme Court

15   law was "objectively unreasonable." *Id.*

16           In addition, a federal court's power to grant a writ of habeas corpus to a state inmate

17   depends on the inmate actually being "in custody in violation of the Constitution or laws . . . of the

18   United States." 28 U.S.C. § 2241(c)(3). Thus, if a federal court finds the state court's holding was

19   contrary to, or an unreasonable application of, clearly-established federal law, or was based on an

20   unreasonable determination of the facts, "[a] federal court must then resolve the constitutional

21   claim without the deference AEDPA requires." *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007);

22   *Frantz v. Hazey*, 533 F.3d 724, 739 (9th Cir. 2008). The court must apply a *de novo* standard of

23   review in determining whether a constitutional violation has occurred. *Butler v. Curry*, 528 F.3d

24   624, 641 (9th Cir. 2008).

25

26           [3] The only definitive source of clearly established federal law under AEDPA is the holdings
     (as opposed to the dicta) of the Supreme Court. *Williams*, 529 U.S. at 412; *see also Yarborough v.*
27   *Alvarado*, 541 U.S. 652, 660-61 (2004) (citing *id.*). Thus, while circuit law may be "persuasive
     authority" in analyzing whether a state court decision was an unreasonable application of Supreme
28   Court law, "only the Supreme Court's holdings are binding on the state courts and only those holdings
     need be reasonably applied." *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir.2003), overruled in part
     on other grounds by *Lockyer v. Andrade*, 538 U.S. 63 (2003).

Finally, if the state court's decision was contrary to or an unreasonable application of Supreme Court law, or if the state court unreasonably determined the facts, the reviewing court must determine whether the error was harmful. Harmfulness is presumed conclusively if the error is "structural." Structural errors are errors that affect "the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). Most other errors (termed "trial type" errors) are evaluated under the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).[4] Under that standard, habeas relief is available only where the error had a "substantial and injurious effect or influence in determining [the] jury's verdict." *Brecht*, 507 U.S. at 637 (citing *Kotteakos v. United States*, 328 U.S. 750 (1946)).

## IV.  SUMMARY OF CLAIMS

**1. Petitioner's Arguments**

Petitioner presents seven "grounds" for relief which generally challenge the validity of his guilty plea, the waiver of his constitutional rights, and the imposition of the sentence. Within these "grounds," Petitioner argues he received ineffective assistance of counsel ("IAC") and suffered due process violations during the state court proceedings. Petitioner contends: (1) his guilty plea and constitutional rights waiver were not intelligently and voluntarily made because he did not take psychiatric medication before the hearing (ECF No. 1 at p. 8.); (2) he did not admit to committing a prior robbery because there is no stated penal code section on the record (ECF No. 1 at p. 4.); (3) his prior robbery from Oregon does not constitute a "strike" for enhanced sentencing purposes under California's "Three Strikes" law (ECF No. 1 at p. 5.); (4) he intended to plead guilty to attempted burglary, and not a completed offense (ECF No. 1 at p. 6.); (5) he intended to plead guilty to petty theft, and not burglary (ECF No. 1 at p. 14.); (6) he did not validly waive his constitutional rights because the court did not verbally advise him of his rights being waived (ECF

---

[4] In *Brecht*, the Supreme Court, citing *Fulminante*, 499 U.S. at 307, described trial error as error that "occur[s] during the presentation of the case to the jury." *Brecht*, 507 U.S. at 629 (internal quotations and citation omitted). Trial error is amenable to harmless error analysis because it "may ... be quantitatively assessed in the context of other evidence presented in order to determine [the effect it had on the trial]." *Id.* (internal quotations and citation omitted). "[S]tructural defects in the constitution of the trial mechanism," such as the deprivation of the right to counsel, "defy analysis by 'harmless-error' standards" and "require[ ] automatic reversal of the conviction because they infect the entire trial process." *Id.* at 629-30 (internal citation omitted).

No. 1 at p. 7.); (7) ineffective assistance of trial counsel (for failure to write "petty theft" instead of burglary on the plea form)(ECF No. 1 at p. 14.); (8) ineffective assistance of appellate counsel (for failure to provide Petitioner with the appellate court opinion or remittur)(ECF No. 1 at p. 15.); (9) his right to petition for review in the California Supreme Court was violated because he did not receive the appellate court opinion or remittur in a timely manner (ECF No. 1 at p. 15.); and (10) the state courts erroneously ruled on his writ of habeas corpus petitions. (ECF No. 1 at p. 16.)[5]

**2. Respondent's Answer**

Respondent's answer presents procedural and merit based counter-arguments to Petitioner's claims.  Respondent argues Petitioner did not properly exhaust claims one through four because he failed to present them to the California Supreme Court on direct appeal before raising them in his federal habeas corpus petition. (ECF No. 7 at p. 2.) Respondent concedes Petitioner's remaining claims are properly exhausted.  (ECF No. 7 at p. 2.) Respondent also argues Petitioner's first four claims are procedurally barred because Petitioner failed to obtain a certificate of probable cause under California Penal Code §1237.5.  (ECF No. 7 at p. 2.)

In addition, Respondent contends the Court should deny relief on the merits. Respondent argues the state courts reasonably and properly denied Petitioner relief on the merits because the record indicates Petitioner plead guilty knowingly and voluntarily and Petitioner received the benefit of his plea bargain. (ECF No. 7 at p. 3.) Respondent claims any error during the state court proceedings was harmless because, even if Petitioner intended to plea guilty to petty theft, petty theft and commercial burglary carry the same punishment. (ECF No. 7 at p. 3.) Further, Respondent contends an evidentiary hearing is not permitted because Petitioner does not challenge the facts found, or impliedly found, in state court and Petitioner's failure to provide evidence in state court on habeas corpus precludes him from receiving a federal evidentiary hearing. (ECF No. 7 at p.3.)

Finally, Respondent argues the Court should deny Petitioner's claims with prejudice

---

[5] Petitioner presents seven grounds for habeas relief on his federal petition. However, this Court construes ten separate contentions embedded within his petition: contention (1) can be found under "Ground Four"; contention (7) can be found under "Ground Five"; and Contention (8) can be found under "Ground Six."

because Petitioner's constitutional rights were not violated and his confinement is proper.

**3. Petitioner's Traverse**

Petitioner contends his first four claims are properly exhausted because he presented them in his habeas corpus petition to the California Supreme Court. (ECF No. 25 at pp. 5-4.) Petitioner also contends his first four claims are not procedurally barred because Petitioner requested a certificate of probable cause, but the request was denied.  (ECF No. 25 at p. 5.)

Further, Petitioner presents merit based counter-arguments in response to Respondent's answer.  Petitioner argues the California courts erroneously denied relief on the merits because his guilty plea and constitutional rights waiver were invalid. (ECF No. 25 at pp. 6-7.) Petitioner also claims the errors committed during the state court proceedings were not harmless because he intended to plea guilty to petty theft, but his trial attorney failed to write this intention on the plea form. (ECF No. 25 at p. 6.) Petitioner concludes this omission caused the state court to erroneously enhance Petitioner's sentence under Penal Code § 666. (ECF No. 25 at p. 6.) Lastly, Petitioner argues an evidentiary hearing is permitted because it would allow Petitioner to present facts regarding his prior offense from Oregon and his appointed trial counsel's ineffective assistance. (ECF No. 25 at p. 7.)

Finally, Petitioner takes issue with Respondent's factual summary because the words "Home Depot" and "attempted to do so" do not appear in the Superior Court's hearing transcript. (ECF No. 25 at p. 3.)

## V.  DISCUSSION

**A. Exhaustion: Petitioner Properly Exhausted His First Four Claims Because Petitioner Presented His Claims To All Appropriate State Court Levels On Collateral Review**
**1. Arguments**

Respondent contends Petitioner "did not properly exhaust his first four grounds because he needed to present them to the California Supreme Court on direct appeal rather than on habeas corpus." (ECF No.7 at p. 2.)  Respondent concedes the remaining claims were properly exhausted because Petitioner raised them to the California Supreme Court in a writ of habeas corpus petition.

Petitioner argues his first four claims are properly exhausted because, although he did not petition for direct review with the California Supreme Court, he presented the four claims on both direct review in the court of appeal and on collateral review in state habeas petitions in the superior court, court of appeal, and California Supreme Court. (ECF No. 25 at pp. 3-4.)

**2. Applicable Law**

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995). In order to satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims to the state courts to give the State the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Id.* The state prisoner must "fairly present" his claim at each appropriate level of state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Exhaustion generally requires the prisoner: (1) raise a claim at all stages of the state's direct review process, including discretionary state appeals or (2) demonstrate that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999). In order to exhaust a habeas claim properly in California, a petitioner must present his claim to the California Supreme Court either on direct *or* collateral review. *See Duncan v. Henry,* 513 U.S. 364, 365 (1995)*; Reiger v. Christensen*, 789 F.2d 1425, 1427 (9th Cir. 1986); *James v. California*, No. 11-1910, 2012 U.S. Dist. LEXIS 21477, at *3-4 (S.D. Cal. Feb. 1, 2012)("If the claim was not presented to the state's highest court on direct appeal, then state remedies must be exhausted.")

The federal exhaustion doctrine rests on the policies of comity, federalism, and judicial efficiency. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). As a matter of comity, federal courts generally do not consider a habeas corpus claim until the appropriate state courts have had a full opportunity to act upon the claim. *Rose v. Lundy*, 455 U.S. 509, 515 (1982).

**3. Analysis**

Respondent argues Petitioner failed to exhaust his first four federal claims because he did not present them to the California Supreme Court on direct review before filing his federal habeas petition. (ECF No. 7 at p. 2.) Petitioner admits he did not petition for review in the

California Supreme Court on direct appeal (Lodgment 1 at p.2.) However, Petitioner raised his first four claims on collateral review in the state's highest court. The California Supreme Court denied habeas relief without explanation or citation, but nevertheless had an opportunity to correct the alleged violations of Petitioner's federal rights. (*See* Lodgments 11 - 12.)

Accordingly, the Court **RECOMMENDS** the District Court find all of Petitioner's claims exhausted.

**B. Procedural Default: Petitioner's First Four Claims In His Federal Petition Are Procedurally Barred Because Petitioner's Failed To Comply With State Procedural Requirements**
**1. Arguments**

Respondent argues Petitioner's first four claims are procedurally defaulted because Petitioner failed to obtain a certificate of probable cause under California Penal Code §1237.5. Petitioner concedes his requests for certificate of probable cause were denied.  (ECF No. 25 at p. 5.)

**2. Applicable Law**

Under the procedural default doctrine, a federal court will not review a question of federal law decided by the state court if state court's decision rests on a state law that is independent of a federal question and adequate to support the judgment. *Rodriguez v. Hernandez*, No. 08cv856, 2009 U.S. Dist. LEXIS 72999, at *6 (S.D. Cal. Mar. 20, 2009)(citing *Calderon v. U.S. Dist. Ct.*, 96 F.3d 1126, 1129 (9th Cir. 1996)) *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A habeas petitioner's claim is procedurally defaulted if "adequate and independent" state law supports the state court's rejection of a federal claim. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (federal courts lack jurisdiction to review a judgment of a state court which rests on a state law ground that is independent of the federal question and adequate to support the judgment). However, procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering judgment in the case "clearly and expressly" states its judgment rests on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989). In order to overcome the procedural bar, petitioners must demonstrate cause for the default and prejudice as a result of the alleged violation of the law, or demonstrate that failure to consider the claim would result in serious miscarriage of justice. *Rodriguez,* 2009 U.S. Dist. LEXIS 72999, at

*6 (citing *Coleman,* 501 U.S. at 750*).*

To be an "independent" state procedural rule, the state law basis for the decision must not be interwoven with federal law. *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983); *Harris*, 489 U.S. at 265. To be "adequate," the state procedural rule must be strictly or regularly followed and consistently applied. *See Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir. 1996). Unless the state court's decision clearly rests on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds invoked, and the petitioner may seek relief in federal court. *Siripongs v. Calderon*, 35 F.3d 1308, 1317 (9th Cir. 1994). The state court's mere citation to a case without elaboration does not necessarily satisfy the "clear and express statement" component of a procedural default finding. "If it is unclear whether the state court dismissed the petition because of a state law procedural default or on the merits of the petitioner's federal constitutional claims, a federal court may review the merits of the claims presented." *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000) (citing *Siripongs*, 35 F.3d at 1317.) A respondent has the burden of pleading an adequate and independent procedural bar as an affirmative defense because the state is in a better position to determine whether a particular rule is consistently applied. *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003) (holding that California's untimeliness bar is independent but remanding to determine whether it is adequate).

The burden of proof then shifts to the petitioner to place that defense in issue, for example, by asserting factual allegations demonstrating the inadequacy of the state procedure, including citations to case authority that show an inconsistent application of the state rule. *Id.* at 586. If the factual allegations are made, the burden shifts back to the respondent to demonstrate the bar is applicable. *Id.*

**3. Analysis**

Petitioner's first four claims in his federal petition are procedurally barred because he failed to comply with state procedural requirements. Thus, the Court cannot reach the merits of his federal claims.

The California Penal Code provides a prisoner may not appeal a judgment based on a guilty plea unless the prisoner filed a written statement with the trial court showing reasonable

constitutional, jurisdictional, or other grounds relating to the legality of the proceedings, and the trial court has executed and filed a certificate of probable cause for such appeal. *See* Cal. Penal Code §1237.5 (West Supp. 2009). All direct appeals from a guilty plea require a timely request for a certificate of probable cause. *People v. Mendez*, 19 Cal. 4th 1084, 1088-89, 969 P.2d 146, 148-49, 81 Cal. Rptr. 2d 301, 304 (1999).

An appeal that is based on the validity of a guilty plea is subject to the certificate of probable cause requirements of California Penal Code § 1237.5. *People v. Corban*, 138 Cal. App. 4th 1111, 1116, 42 Cal. Rptr. 3d 184, 188 (Ct. App. 2006) (stating that, if the defendant's challenge to his sentence is essentially a challenge of the validity of a guilty plea, the appeal is subject to § 1237.5). Failure to obtain a certificate of probable cause is an independent and adequate state ground for finding a procedural default. *Mitchell v. Superior Ct.*, 632 F.2d 767, 773 (9th Cir. 1980) (stating that California Penal Code § 1237.5 governs the right to appeal after a guilty plea in state court); *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000) (explaining that a probable cause certificate is a state "prerequisite" to filing an appeal from a guilty plea).

Here, Petitioner pleaded guilty and waived his right to appeal any sentence stipulated in the plea agreement. After the Hearing, Petitioner filed a notice of appeal and request for certificate of probable cause with the superior court. (Lodgment 1 at p. 23-26.) The superior court denied this request because Petitioner did not show reasonable constitutional, jurisdictional, or other grounds for appeal relating to the proceeding's legality. (Lodgment 1 at 40.) On direct appeal, the court noted Petitioner's failure to obtain a certificate of probable cause and then limited the issues on appeal to sentencing and post-plea matters. After review of the record, the court found no reasonably arguable appellate issues. (Lodgment 6.)

Moreover, the appellate court denied Petitioner habeas relief because Petitioner's first four claims were alleged and rejected on direct appeal. (Lodgment 10.) Alternatively, because Petitioner could not establish an exception to the procedural bar, the appellate court ruled Petitioner's first four claims were procedurally barred from review for habeas relief. (Lodgment 10.)

Petitioner's failure to obtain a certificate of probable cause bars federal review because the appellate court's judgment "clearly and expressly" states that its denial rests on a state procedural

bar. *See Harris v. Reed*, 489 U.S. 255, 263 (1989). The appellate court decision rests on an independent and adequate state ground because the state procedural requirement of a certificate of probable cause is not interwoven with federal law. The appellate court rejected Petitioner's first four claims because Petitioner failed to obtain a certificate of probable cause, under section 1237.5, which is a state procedural bar. *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983). Therefore, Petitioner's first four claims are procedurally barred.

For the reasons stated above, the Court **RECOMMENDS** that federal habeas relief be **DENIED** on claims one through four.

**C. Grounds One Through Four Should Also Be Denied On the Merits Because Petitioner Validly Waived His Constitutional Rights To A Jury Trial And To Confront Witnesses Against Him In Order To Enter His Guilty Plea**

**1. Arguments**

Petitioner contends he did not validly waive his constitutional rights during the Hearing because the trial court judge did not verbally inform him of his constitutional rights. Respondent did not respond to this claim directly on the merits, but instead argues this claim is not properly exhausted and is procedurally barred.

**2. Applicable Law**

A conviction is constitutionally invalid if the defendant pleads guilty without waiving his rights to jury trial, to confront the witnesses against him and to remain silent. *United States v. Carroll*, 932 F.2d 823, 824-25 (9th Cir. Cal. 1991)(citing *Boykin v. Alabama*, 395 U.S. 238 (1969)). Waiver of these three rights by a guilty plea cannot be presumed from a silent record. *Id.* There must be an affirmative showing in the court records that the defendant waived these three federal constitutional rights. It is not necessary that each waiver be explicit, as long as the plea was "voluntary and intelligent." *United States v. Carroll*, 932 F.2d 823, 824-25 (9th Cir. Cal. 1991)*; see also United States v. Pricepaul*, 540 F.2d 417, 424 (9th Cir. 1976). The relevant inquiry is whether a petitioner's guilty plea was voluntary and intelligent under the totality of the circumstances. *See North Carolina v. Alford*, 400 U.S. 25, 31(1970); *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970).

///

**3. Analysis**

Although the trial court did not verbally advise Petitioner of the specific rights Petitioner was waiving, Petitioner nevertheless validly waived his constitutional rights because he affirmatively indicated his assent to the waiver of those rights by signing and initialing the plea agreement. Thus, the state court's failure to expressly articulate Petitioner's three *Boykin* rights does not render his guilty plea and sentencing *per se* unconstitutional. *See Wilkins v. Erickson*, 505 F.2d 761, 763 (9th Cir. 1974) (holding that "*Boykin* does not require specific articulation" of a defendant's privilege against self-incrimination, right to a jury trial, and right to confront his accusers); *see also United States v. Carroll*, 932 F.2d 823, 825 (9th Cir. 1991); *Rodriguez v. Ricketts*, 798 F.2d 1250, 1252 (9th Cir. 1986). Also, Petitioner waived his rights to jury trial, to confront the witnesses against him, and to remain silent when Petitioner initialed each checkbox on the Entry of Guilty Plea form. (Lodgment 1 at p. 6.) Moreover, Petitioner verbally informed the court of his intent to waive these rights during the Hearing. Therefore, the record is *not* silent on the facts surrounding Petitioner's waiver of constitutional protections.  Rather, the record reflects that Petitioner "voluntarily and intelligently" entered his plea of guilty and "knowingly and voluntarily" waived his rights.

Finally, Petitioner's vague and conclusory allegation that his waiver is invalid because he lacked the capacity to understand the proceedings lacks merit. Although Petitioner admits he was not taking medications during the plea phase, he now argues he *should have* been on medications at that time. However, Petitioner fails to substantiate or support his claims with evidence or argument. *See James v. Borg*, 24 F.3d 20 (9th Cir. 1995) ("conclusory allegations which are not supported by statement of specific facts do no warrant habeas relief.")

Accordingly, the Court **RECOMMENDS** Petitioner's invalid waiver claim (ground four) be alternatively **DENIED** on the merits.

**D. Petitioner's Ground Three Lacks Merit**

Petitioner contends he admitted to attempted burglary, not burglary, and therefore his sentence should be reduced.

However, the court of appeal properly recognized the flaw in Petitioner's argument:

> The factual basis for the plea, as stated on the change of plea form and at the hearing, was that [Petitioner] entered Home Depot "with intent to commit a theft and attempted to do so." The phrase "attempted to do so" refers to an attempt to commit a theft, not an attempt to commit a burglary. Furthermore, the record refers to section 459 which sets forth the offense of burglary, not attempted burglary. (Lodgment 6, p. 3)

In other words, Petitioner's burglary was complete when he entered the Home Depot with the intent to commit a theft; Petitioner demonstrated his intent by *attempting* the theft. The record demonstrates Petitioner plead guilty to commercial burglary and was sentenced accordingly.

Thus, the Court **RECOMMENDS** Petitioner's attempted burglary claim (ground three) be alternatively **DENIED** on the merits

**E. Petitioner Admitted to Committing a Prior Robbery and the Trial Court's Use of Prior Strikes to Enhance Sentence Was Proper (Grounds One, Two and Four)**
**1. Arguments**

Petitioner contends his due process rights were violated by the trial court's use of his prior felony conviction from Oregon to enhance his sentence pursuant to California's "Three Strikes Law" (ECF No. 1 at p. 5.) In support, Petitioner argues his prior felony fell outside the scope of Oregon's Dangerous Offender Act and is therefore not a "serious felony" or "strike" for enhanced sentencing purposes. (ECF No. 1 at p. 5.) Respondent does not answer Petitioner's claim on the merits. Instead, Respondent argues Petitioner failed to properly exhaust his claim and his claim is procedurally barred.

**2. Applicable Law**

Federal habeas corpus jurisdiction does not extend to alleged violations of state law. *Guzman v. Morris*, 644 F.2d 1295 (9th Cir. 1981). The Ninth Circuit has refused to consider claims of erroneous application of state sentencing law by state courts in habeas corpus review. *See,* e.g., *Miller v. Vasquez*, 868 F.2d 1116, 1118 (9th Cir. 1989) ("whether assault with a deadly weapon qualifies as a "serious felony" under California's sentencing enhancement provisions is a question of state sentencing law and does not state a constitutional claim."); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("It is not the province of a federal habeas court to reexamine state court determinations on state law questions."). The question to be decided by a federal court on petition for habeas corpus is not whether the state committed state law error but whether the state court's action was so "arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992). A petitioner's due process

1    rights have been violated only if the trial court's error rendered the state proceeding fundamentally

2    unfair. *Jammal v. Van De Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).

3    **3. Analysis**

4            Here, Petitioner fails to demonstrate the state court's consideration of his prior strike from

5    Oregon violates the Constitution or laws of the United States.  The state court's consideration of

6    Petitioner's prior strike is a question of state law not subject to federal habeas review. But even if

7    it were within the scope of this court's authority to review questions of state law on habeas review,

8    the state court's enhancement of Petitioner's sentence was proper.  The California Court of

9    Appeal, in denying Petitioner's claim, noted:

10           [t]he change of plea form lists the strike as "211 12/19/94 940835704 Circuit Ct
             Multnomah, OR." At the hearing the court referred to the strike as "a robbery strike
11           prior from 1994." It then asked Albin if he admitted the Oregon conviction was "a
             serious or violent California strike prior." Albin said "I admit". . . A review of the
12           record pursuant to *People v. Wende*, supra, 25 Cal.3d 436 has disclosed no
             reasonably arguable appellate issues. . . .
13           (Lodgment 6 at p. 3.)

14   The Hearing transcript confirms Petitioner's admission to the prior robbery conviction for Oregon:

15           THE COURT: Do you admit at the time of this offense, you were previously
             convicted of the crime of robbery, Penal Code Section 211 - - excuse me, no Penal
16           Code Section. The date of the conviction was December 19, 1994, case number
             940835704, in the circuit court of Multnomah, Oregon, and you admit that that's a
17           serious or violent California strike prior?
             THE DEFENDANT: I admit.
18           THE COURT: And do you also admit that you were convicted of petty theft with a
             prior on March 2nd of the 21st of the year 2000 in case number SCD151604, and a
19           result of that conviction in the San Diego Superior Court, you were sentenced to
             state prison, and as a result of that prison commitment, that you have failed to
20           remain free of prison custody or free of a new felony offense within five years after
             your release from prison on the petty theft wit a prior conviction? Do you admit the
21           third prison prior as alleged in the complaint?
             THE DEFENDANT: I admit.
22
             The trial court properly designated Petitioner's prior robbery conviction as a "serious
23   felony" under California Penal Code section 1192.7. *See* Cal. Penal Code §1192.7

24   (c)(19)("Robbery or bank robbery.") "Serious felonies" are considered "strikes" for sentencing

25   purposes under California Penal Code Section 1170.12(b)(1). Importantly, neither Petitioner nor

26   his counsel contested the trial court's use of the prior robbery as a "strike" at the time of

27   sentencing. Rather, the use of the "strike" was part of the negotiated plea agreement.

28   Therefore, the state court's use of Petitioner's prior conviction for sentencing purposes was not

contrary to, or an unreasonable application of, clearly established federal law.

Moreover, Petitioner is bound by his admission of guilt to the prior offense from Oregon, despite the court's failure to specify the penal code section or its serious-felony character. According to the Ninth Circuit, under California law, a defendant is bound by his admission to a serious-felony prior for sentencing enhancement purposes even if the court characterizes the prior crime as a "serious felony prior" but fails to specify its character (*e.g.*, that the burglary was "residential"). The defendant can overcome an admission only by showing ineffective assistance of counsel caused the admission. *Hite v. Borg*, No. 92-55243, 1993 U.S. App. LEXIS 12359, at *13-14 (9th Cir. Dec. 11, 1992) (citing *People v. Thomas*, 41 Cal. 3d 837, 110-11(1986)).

Here, Petitioner does not allege his trial counsel was ineffective regarding his admission to the *prior offense* from Oregon. Instead, Petitioner only alleges ineffective assistance of counsel as to his guilty plea to the *instant offense*, commercial burglary. Therefore, because Petitioner did not allege ineffective assistance of counsel as to his prior offense admission, Petitioner is bound to his admission to the "serious" prior offense from Oregon for enhanced sentencing purpose.

Accordingly, the Court **RECOMMENDS** Petitioner's claims regarding his sentence enhancement and prior crime admissions (grounds one, two and four) be alternatively **DENIED** on the merits.

**F. Petitioner's Ineffective Assistance Of Trial And Appellate Counsel Claims And Challenge To The Validity Of His Guilty Plea Are Unsupported By The Record (Grounds 5 and 6)**
**1. Arguments**

Petitioner contends his trial and appellate counsel provided ineffective assistance during his guilty plea entry and direct appeal. Specifically, Petitioner alleges he told his trial attorney he wanted to plead guilty to petty theft, not burglary, and he asked his attorney to write "petty theft" on the plea agreement, but the attorney failed to do so. Because his trial counsel failed to write "petty theft" on the guilty plea form, Petitioner alleges his guilty plea is invalid. Further, Petitioner alleges his appellate attorney did not inform him of the appellate court's ruling, which caused Petitioner to miss the California Supreme Court filing deadline.

Respondent did not directly address Petitioner's ground five. Respondent alleges Petitioner did not have the right to have the assistance of an attorney following the issuance of the opinion on

direct appeal. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Pennsylvania v. Finley*, 481 U.S. 511, 555-57 (1987).

In response to Petitioner's claim that he intended to plead guilty to petty theft, Respondent argues the records belies Petitioner's contention. Respondent notes: (1) Petitioner admitted to committing a prior robbery, (2) Petitioner admitted to committing a theft after making an unlawful entry (which is burglary under California law), and (3) Petitioner knowingly and voluntarily waived his rights.  Finally, Respondent claims, even if Petitioner's contentions are true, any errors were harmless because the sentencing court would have imposed the same sentence.

**2. Applicable Law**

*a. Strickland Standard - Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions,  the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. The clearly established United States Supreme Court law governing IAC claims is set forth in *Strickland v. Washington*. *See Knowles v. Mirzayance*, 556 U.S. 111 (2009) ("[T]his Court has repeatedly applied [the *Strickland*] standard to evaluate ineffective-assistance-of-counsel claims where there is no other Supreme Court precedent directly on point"); *Moore v. Czerniak*, 574 F.3d 1092, 1100 (9th Cir. 2009), rev'd on other grounds sub nom., *Premo v. Moore,* 131 S. Ct. 733 (2011)  (stating the rule set forth in *Strickland* is "clearly established federal law" under AEDPA); *Sims v. Brown*, 425 F.3d 560, 584 (9th Cir. 2005); *see also People v. Gamache*, 48 Cal. 4th 347, 391, 106 Cal. Rptr. 3d 771, 227 P.3d 342 (Cal. 2010) (describing the *Strickland* standard as a "settled standard" in assessing IAC claims in California).

For an IAC claim to provide a basis for habeas relief, a petitioner must satisfy both prongs of the two-prong *Strickland* test. First, the petitioner must show "counsel's performance was deficient." *Strickland*, 466 U.S. at 687.  This means the petitioner must show that his counsel's performance fell below an "objective standard of reasonableness." *Yarborough v. Gentry, 540* U.S. 1, 5 (2003). Further, judicial scrutiny of counsel's performance must be "highly deferential," following a strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance" and all significant decisions made by counsel are presumed to have been

made in the "exercise of reasonable professional judgment." *Id.* at 690.

Second, the petitioner must show counsel's deficient performance prejudiced his defense. *Id.* at 687. To satisfy this prong, the petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Smith v. Spisak*, 130 S. Ct. 676, 685 (2010) (quoting *Strickland*, 466 U.S. at 694).

In the context of a plea bargain, a petitioner can demonstrate "prejudice" by showing counsel's ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In particular, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Premo*, 131 S. Ct. at 745 (2011). Failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See Strickland*, 466 U.S. at 697.

**b. Guilty Plea**

A guilty plea is valid if it is both intelligent and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242, (1969) (noting, in addition to the plea being intelligent and voluntary, the record must affirmatively disclose the defendant's intelligence and voluntariness); *Brady v. United States*, 397 U.S. 742, 747 (1970). Petitioner bears the burden of establishing his guilty plea was unintelligent and involuntary. *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006).

A plea is intelligent and voluntary only if the defendant is "fully aware of the direct consequences of his plea" while entering his plea. *Id.* at 1080 (quoting *U.S. v. Amador-Leal*, 276 F.3d 511, 514 (9th Cir. 2002)); *see Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir. 1988) (noting a "direct" consequence is a result representing a "definite, immediate and largely automatic effect on the range of the defendant's punishment"). Thus, before a court may accept a defendant's guilty plea, the defendant must be advised of the range of allowable punishment that will result from his plea, which includes notice of the maximum possible penalty provided by law. *Little*, 449 F.3d at 1080 (quoting *Torrey*, 842 F.2d at 235); *U.S. v. Barrios-Gutierrez*, 255 F.3d 1024, 1027 (9th Cir. 2001).

Further, to be valid, the guilty plea must be free of coercion, misrepresentation, or improper promises. *See U.S. v. Anderson*, 993 F.2d 1435, 1437 (9th Cir. 1993); *Doe v. Woodford*, 508 F.3d

563, 570 (9th Cir. 2007) (quoting *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986) ("[a] guilty plea is coerced where a defendant is 'induced by promises or threats which deprive [the plea] of the nature of a voluntary act.'"). The Ninth Circuit accords great weight to the defendant's statements made in open court contemporaneously with his plea agreement. *Id.* at 1438 (citing *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986)); *see Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) (confirming that representations of the defendant and his lawyer at the plea hearing, as well as any findings made by the judge accepting the plea, constitute a "formidable barrier in any subsequent collateral proceedings [because] [s]olemn declarations in open court carry a strong presumption of verity.").

To determine the voluntariness of a criminal defendant's plea, a court must consider all of the relevant circumstances surrounding the plea. *Brady v. United States*, 397 U.S. 742, 749 (1970); *see Woodford*, 508 F.3d at 570 (noting relevant circumstances include the defendant's "subjective state of mind" and the "constitutional acceptability" of the external forces inducing the guilty plea). A court may find a guilty plea involuntary if the defendant does not understand "the nature of the constitutional protections he is waiving," or if he does not understand the charge such that his plea will not qualify as "an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13 (1976).

The intelligent character of a defendant's plea must indicate "sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. A defendant must have notice of the nature of the charges against him, and he must understand the nature of the constitutional protections waived by his plea, including the right to a jury trial, the right to confront his accuser and to cross-examine all witnesses, the right to present evidence, and the privilege against self-incrimination. *See Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *Boykin*, 395 U.S. at 243-44.

Once a criminal defendant intelligently and voluntarily pleads guilty to a criminal charge, he/she may not subsequently seek federal habeas corpus relief on the basis of *pre-plea* constitutional violations. *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994), superseded on other grounds by statute, AEDPA, Pub. L. No. 104-132, 110 Stat. 1214, as stated in *McMurtrey v. Ryan*,

539 F.3d 1112, 1119 (9th Cir. 2008); *see U.S. v. Caperell*, 938 F.2d 975, 977 (9th Cir. 1991).

**3. Analysis**

***Trial Counsel and Guilty Plea (Ground Five)***

Here, the California Court of Appeal properly applied the *Strickland* two prong test to deny Petitioner's claim. *See Strickland*, 466 U.S. at 697 (noting courts may consider either prong of the *Strickland* test first and need not address both prongs if the petitioner fails on one); *Weaver v. Palmateer*, 445 F.3d 958, 966 (9th Cir. 2006).  Accordingly, the appellate court found Petitioner's claims unsubstantiated because Petitioner failed to provide any documentation supporting his contentions. (Lodgment 10.) Moreover, the court concluded Petitioner failed to establish that the alleged deficiencies prejudiced the trial or appellate results under *Strickland*. The appellate court also found the trial court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. (Lodgment 10.)

The state court decision was not an unreasonable application of the facts. Petitioner voluntarily and intelligently entered his plea of guilty and knowingly and voluntarily waived his constitutional rights.  Additionally, Petitioner presents no evidence to show his appointed counsel, or the court, failed to adequately advise him about the plea agreement and the constitutional rights forfeited during Petitioner's entry of a guilty plea. The following dialogue between the sentencing judge and Petitioner during the Hearing demonstrates Petitioner's failure to establish his trial counsel's ineffective assistance:

> THE COURT: I have a change of plea form with your name on it. Did you read, understand, initial, and sign this form?
> THE DEFENDANT: I did, with my attorney.
> THE COURT: And you went over it with him, and do you have any questions about its contents?
> THE DEFENDANT: I do not.
> THE COURT: Do you understand and give up your constitutional rights in order to plead guilty?
> THE DEFENDANT: I do.
> THE COURT: The plea agreement in this case calls for your pleading guilty to Count 1, felony commercial burglary, Penal Code Section 459. In addition to that, you're going to be admitting a robbery strike prior from 1994, and you're also going to be admitting a prison prior from – the last  prison prior. The third prison prior from 2000. The People have agreed to the mid-term of two years. That's doubled by virtue of your strike prior to four years, and the Court must give an additional one year consecutive for the prison prior for a total term of five years, and I'll run that concurrent with any parole or probation violations you have out there. Is that your understanding?
> THE DEFENDANT: That's my understanding.

1   THE COURT: Before you enter your plea, do you have any questions to ask of the
    Court?
2   THE DEFENDANT: No.
    THE COURT: Did you go over this form with your attorney?
3   THE DEFENDANT: I have.
    THE COURT: Are you entering this plea freely and voluntarily because you believe
    it's in your own personal best interest to do so?
4   THE DEFENDANT: Yes.

5       As the record demonstrates, Petitioner failed to raise any concerns about the content or

6   import of his plea agreement, counsel's assistance when entering into the plea agreements, or the

7   rights waived as a result. In fact, Petitioner affirmatively indicated on the plea form his trial

8   counsel explained to him the possible consequences of his guilty plea. Additionally, Petitioner

9   initialed the boxes contained within the change of plea form, which specifically stated the list of

10  constitutional rights applied to "all charges, allegations and prior convictions filed against

11  Petitioner."  Petitioner's initials indicate he had read and understood the information set forth in

12  the change of plea form.  Petitioner also stated at the Hearing he knew and understood he was

13  waiving his constitutional rights. (*See* Lodgment 1 at p. 6-7; Lodgment 2 at p. 2:5 - 7.)

14      Thus, the record reflects: (1) Petitioner talked with his counsel about the charges and any

15  potential defenses; (2) no-one, including Petitioner's counsel, forced him to enter the plea, and (3)

16  his counsel explained to him the possible consequences of entering a guilty plea.

17      As a result, the Court finds Petitioner voluntarily and intelligently entered into the plea

18  agreement. Also, the Court finds Petitioner has failed to demonstrate the advice he received from

19  counsel regarding the waiver of his constitutional rights and guilty plea fell outside the range of

20  competence demanded of attorneys  in criminal cases. Accordingly, the Court finds the state

21  court's decision to deny Petitioner's claim under *Strickland* was not an unreasonable determination

22  of the facts in light of the evidence presented.

23      In addition, Petitioner fails to demonstrate "a reasonable probability that, but for counsel's

24  errors, he would not have pleaded guilty and would have insisted on going to trial." *Premo v.*

25  *Moore*, 131 S. Ct. 733, 739 (2011). The plea agreement allowed Petitioner to avoid a maximum

26  sentence of seven-years in exchange for a determinate five-year sentence.  Moreover, because

27  Petitioner intelligently and voluntarily pleaded guilty to a criminal charge, he may not

28  subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations,

11-1722 DMS (WMc)

including ineffective assistance of trial counsel during the pre-plea time frame.

Finally, to the extent Petitioner's trial counsel's alleged failure to write "petty theft" on the plea agreement violated Petitioner's constitutional rights, any error was harmless. In a habeas proceeding, the federal court must assess the prejudicial impact of constitutional error in a state court criminal trial under the "substantial and injurious effect" standard set forth in *Brecht*, even if the state appellate court recognized the error and reviewed it for harmlessness under the "harmless beyond a reasonable doubt" standard set forth in *Chapman*. *See Fry v. Pliler*, 551 U.S. 112, 121-22 (2007); *see Beardslee v. Woodford*, 358 F.3d 560, 577 (9th Cir. 2003). *Brecht* provides for habeas relief where "the [trial] error resulted in 'substantial and injurious effect or influence in determining the jury's verdict[,]' or . . . the judge 'is in grave doubt' about the harmlessness of the error." *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

Here, despite trial counsel's alleged failure to write "petty theft" instead of "burglary" on the plea form *before* the Hearing, Petitioner *subsequently* plead guilty to burglary on the record in open court. Thus, Petitioner' s own actions rendered harmless his counsel's alleged error.

Accordingly, the Court **RECOMMENDS** Petitioner's IAC claim regarding his trial counsel be **DENIED**.

*Appellate Counsel (Ground Six)*

Petitioner argues his appellate counsel was ineffective because appellate counsel did not inform him that the appellate court affirmed the judgment. Petitioner argues appellate counsel's deficiencies caused Petitioner to miss the deadline to file a petition for review in the California Supreme Court.

The record does not support Petitioner's contentions. The state trial and appellate courts found Petitioner's claim regarding his inability to file a petition for review in the California Supreme Court without merit. The Superior Court concluded Petitioner did not show grounds for relief because Petitioner has not showed that there was a reasonable likelihood that he would have prevailed, Petitioner has not shown that he was prejudiced by the delay in receiving the remittitur.

Further, the Court of Appeal noted Petitioner failed to provide any documentation to support his IAC claim. Vague and conclusory ineffective assistance of counsel allegations do not

warrant federal habeas relief. *See, e.g.*, *Jackson v. Calderon*, 211 F.3d 1148, 1155 (9th Cir. 2000) ("unsupported speculation and conclusory allegations regarding an attorney's substandard performance are not sufficient to show either deficient performance or prejudice."); *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) ("factually unfounded claim alleging ineffective assistance of counsel presents no basis for federal habeas relief."); *James v. Borg*, 24 F.3d 20 (9th Cir. 1995) ("conclusory allegations which are not supported by statement of specific facts do no warrant habeas relief."). Petitioner fails to show the alleged deficiencies prejudiced both the trial and appellate results. Thus, the appellate court reasonably denied Petitioner's claim under Strickland's prejudice prong.

Accordingly, the Court **RECOMMENDS** Petitioner's IAC claims regarding his appellate counsel be **DENIED**.

**G. Petitioner's Ground Seven Is Not Cognizable**

Petitioner contends the superior and appellate courts' decisions were erroneous. Despite Petitioner's blanket assertion that the allegedly erroneous rulings violated his 5th, 6th, and 14th Amendment rights, Petitioner appears to allege the superior and appellate courts did not follow their own rules for review of a petitioner's claims. However, a violation of state law standing alone is not cognizable in federal court on habeas. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' ") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)); *Featherstone*, 948 F.2d at 1503. Moreover, Petitioner's claim that he was denied access to the state supreme court lacks merit because, as this Court concluded above, Petitioner fully exhausted his claims. Even if Petitioner could demonstrate the superior or appellate court violated their own rules, Petitioner has failed to demonstrate any prejudice or constitutional violation.

Accordingly, the Court **RECOMMENDS** Petitioner's claim seven be **DENIED**.

**H. An Evidentiary Hearing Is Not Required**

**1. Arguments**

Petitioner seeks an evidentiary hearing to present evidence regarding his prior conviction,

IAC claim, and his guilty plea. (ECF No. 25 at 7-17.) Specifically, Petitioner wants to present evidence relating to his prior conviction in Oregon. Petitioner alleges the elements for the Oregon offense do not correspond with the same offense under California law for sentencing purposes. (ECF No. 25 at 7.) Petitioner contends his prior Oregon conviction does not qualify as a strike to justify his enhanced sentence. Further, Petitioner seeks to present evidence to support his IAC claim and to challenge the validity of his guilty plea to prove his trial counsel incorrectly entered Petitioner's guilty plea on the plea form.

Respondent contends Petitioner's failure to provide evidence in state court on habeas corpus precludes him from receiving a federal evidentiary hearing under 28 U.S.C.§2254(d)(2), (e). (ECF No. 7 at 4.)

**2. Analysis**

Petitioner did not contest the applicability of the Oregon offense as a "serious felony" for sentencing purposes during the guilty plea and sentencing phase in state court. Moreover, Petitioner did not specifically request a evidentiary hearing during direct or collateral review in state court, or in his federal petition.[6] Indeed, Petitioner did not mention the need for an evidentiary hearing until his traverse to Respondent's answer.

Petitioner's right to an evidentiary hearing is foreclosed by his failure to request an evidentiary hearing and develop an adequate record below. *See Williams v. Taylor*, 529 U.S. 420, 435, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) (holding, *generally*, that if there was not evidentiary hearing in state court, there shall be no evidentiary hearing in federal court *and* finding that diligence in developing the record in state court "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court."); *Baja v. Ducharme*, 187 F.3d 1075, 1078–79 (9th Cir.1999) (holding that petitioner had failed to develop a factual basis for his claim in state proceedings because he had the opportunity to come forward with affidavits and other evidence in support of his ineffective assistance of counsel claim but failed to do so).

Where a habeas petitioner has failed to develop a factual basis for his claim in the state

---

[6] The Court notes that Petitioner, in his state habeas petition, mentioned he was "in the process of obtaining Oregon law . . . in order to give it to the Honorable Court." (Lodgment 7, p. 3.)

court proceedings and requests the opportunity to do so in an evidentiary hearing before the district court, the petitioner must show that the claim relies on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence and . . . the facts underlying the claim would . . . establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2); *see Baja*, 187 F.3d at 1079. Petitioner cannot satisfy either of these provisions, nor has he attempted to do so. Rather, Petitioner now seeks – nearly four years after receiving the *benefit* of a reduced sentence in accordance with a *negotiated* plea bargain – to challenge the validity of his sentence and conduct an evidentiary hearing. However, Petitioner's request is foreclosed by his failure to challenge the sentence and request an evidentiary hearing at the appropriate time.

Accordingly, the Court **RECOMMENDS** Petitioner's request for an evidentiary hearing be **DENIED**.

## V.  CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to the United States District Judge Dana M. Sabraw, under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.  For the reasons outlined above, **IT IS RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that judgment be entered **DENYING** the Petition.

**IT IS ORDERED** that no later than **August 20, 2012**, any party to this action may file written objections with the Court and serve a copy to all parties. The document should be captioned, "Objections to Magistrate Judge's Report and Recommendation."

///

///

///

///

///

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 27, 2012.** The parties are advised that failure to file objections within the specified time may result in a waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Date: August 7, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

11-1722 DMS (WMc)